IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Maryland)

ANNA MILLS                                  *

    *Plaintiffs,*                        *

v.                                          *

FORMER CHIEF KELVIN SEWELL, et al.*

    *Defendant.*                          *          Civil Action No.:  1:18-cv-01446-JKB

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT KELVIN SEWELL'S MOTION TO DISMISS**

NOW COMES Plaintiff Anna Mills, by and through her undersigned counsel, Anton L.

Iamele and IAMELE & IAMELE, LLP who hereby opposes Defendant Kelvin Sewell's Motion to

Dismiss.  Plaintiff Mills asserts that her original Complaint included factual averments,

concerning the May 21, 2015 police encounter, that are consistent with pleading requirements

and which are sufficient to overcome the pending dispositive motion. Plaintiff also maintains that

the Defendant Sewell's claim of immunity is not ripe for consideration at this juncture of the

litigation. Plaintiff states further in support of this opposition:

I.    **STANDARD OF REVIEW - MOTION TO DISMISS**

Dismissal under Rule 12 is "merely a decision on the pleadings. For that reason, such

motions are granted sparingly and with caution." *See Hospital Bldg. Co. v. Trustees of Rex*

*Hosp.*, 511 F.2d 678, 680 (4th Cir. 1975) *rev'd* on other grounds, 425 U.S. 738, 96 S. Ct. 1848,

48 L. Ed. 2d 338 (U.S.N.C. 1976). "Dismissal under Rule 12(b)(6) is appropriate only if a

plaintiff fails to state a claim that is plausible on its face." *Owens v. Baltimore City State's*

*Attorney's Office*, 767 F. 3d 379, 396 (4th Cir. 2014). In determining whether to dismiss a

complaint pursuant to Rule 12(b)(6), the court must consider the well-pleaded material

allegations in the light most favorable to the Plaintiff and accept those factual allegations as true.

*Flood v. New Hanover County*, 125 F. 3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v.*

*Miller & Smith Holding Co.*, 14 F. 3d 213, 217-18 (4th Cir. 1994)). "A claim has 'facial

plausibility when the pleaded factual content allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.'" *Owens*, 767 F. 3d at 396 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "'A complaint should not be dismissed…unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" *Bing v. General Motors Acceptance Corp.*, 237 F. Supp. 911, 912

(E.S.S.C. 1965) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Generally, when a question

of fact arises, the question should not be decided on a Motion to Dismiss. *See Hospital Bldg. Co.*,

511 F.2d at 680.

## II.   **ARGUMENT**

Plaintiff's original Complaint includes a sufficient factual predicate to support her causes

of action against Defendant Kelvin Sewell and generate legitimate questions of fact. Plaintiff

accordingly requests that this honorable Court deny the dispositive motion and commence with

pretrial discovery.  *See Haley v. City of Boston*, 657 F.3d. 39, 53 (1st Cir. 2011) ("Although

couched in general terms, Haley's allegations contain sufficient factual content to survive a

motion to dismiss and open a window for pretrial discovery.")

### A.  **Federal Claims**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009) "The pleading standard

Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1449 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) The Supreme Court has advised that the sufficiency of a complaint under Federal Rule of Civil Procedure Rule 12(b)(6) is now determined on a "flexible plausibility standard." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1449 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1965 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1449.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons… against unreasonable searches and seizures." Unites States Constitution, Amend. IV. It is well established that an action for false arrest or detention (false imprisonment) may be brought under section 1983 for a violation of the Fourth and Fourteenth Amendments. *See e.g. California v. Hodari D.*, 499 U.S. 621, 624, 11 S. Ct. 1547 (1991)(quoting *Henry v. United States*, 361 U.S. 98, 100, 80 S.Ct. 168 (1959)("We have long understood that the Fourth Amendment's protection against 'unreasonable… seizures' includes seizure of the person.")); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213 (1967); *Monroe v. Pope*, 365 U.S. 167, 81 S. Ct. 473 (1961). In *California v. Hodari D.*, 499 U.S. 621, 11 S. Ct. 1547 (1991), the Supreme Court reaffirmed that a person has been seized within the meaning of the Fourth Amendment when, upon consideration of the circumstances surrounding an incident, a reasonable person would have believed that she was not free to leave.

"Fourth Amendment seizures are 'reasonable' only if based on probable cause."

*Dunaway v. New* York, 442 U.S. 200, 213, 99 S.Ct. 99 (1979). A law enforcement officer acts

with the required "probable cause for arrest when the 'facts and circumstances within the

officer's knowledge… are sufficient to warrant a prudent person, or one of reasonable caution, in

believing, in the circumstances shown, that the suspect has committed, is committing, or is about

to commit an offense.'" *Wilson v. Kittoe*, 337 F.3d 392, 398 (4th Cir. 2003)(quoting *Pritchett v.*

*Alford*, 973 F.2d 307, 314 (4th Cir. 1992). The Supreme Court has thus recognized that a false

imprisonment giving rise to section 1983 liability is an unlawful detention without legal process,

as it explained:

> There is, however, a refinement to be considered, arising from the common law's distinctive treatment of the torts of false arrest and false imprisonment, "[t]he ... cause[s] of action [that] provid[e] the closest analogy to claims of the type considered here," [*Heck v. Humphrey,* 512 U.S. 477, 484, 114 S.Ct. 2364 (1994)] See 1 D. Dobbs, Law of Torts § 47, p. 88 (2001). False arrest and false imprisonment overlap; the former is a species of the latter. 'Every confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in the stocks, or even by forcibly detaining one in the public streets; and when a man is lawfully in a house, it is imprisonment to prevent him from leaving the room in which he is.' M. Newell, Law of Malicious Prosecution, False Imprisonment, and Abuse of Legal Process § 2, p. 57 (1892) (footnote omitted). See also 7 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 27:2, pp. 940–942 (1990). We shall thus refer to the two torts together as false imprisonment. That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process,* see, *e.g.,* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 11, p. 54, § 119, pp. 885–886 (5th ed.1984); 7 Speiser, *supra,* § 27:2, at 943–944, and the allegations before us arise from respondents' detention of petitioner *without legal process* in January 1994. They did not have a warrant for his arrest.

*Wallace v. Kato*, 549 U.S. 384, 388-89, 127 S.Ct. 1091 (2007)

Plaintiff's original Complaint contains the requisite factual averments necessary to support facially plausible claim that she was falsely arrested and imprisoned by Defendant Sewell and thereby suffered a resulting violation of her constitutionally protected rights. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1449 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") The following plead facts support a *prima facie* claim for relief under section 1983:

- "At all times relevant to the instant complaint, Defendant Sewell was employed as the Chief of the Pocomoke City Police Department, and was acting as an authorized agent, servant, and/or employee of the Pocomoke City Police Department…." Original Complaint ¶ 7

- "…. Defendant Sewell was intervening… on behalf of Ms. White with whom he was engaged in a romantic relationship." Original Complaint ¶ 11

- "Plaintiff Mills advised Sewell that she did not wish to engage in such discussions" with Ms. White.  Original Complaint ¶ 12

- "Defendant Sewell … exerted his authority as the Chief of the Pocomoke City Police Department and compelled Plaintiff Mills to travel to his office. Original Complaint ¶ 13

- Defendant Sewell witnessed Ms. White assault Plaintiff Mills, "but made no effort to stop the assault and took no action against Ms. White."  Original Complaint ¶¶ 15-16.

- "Instead, he acted to obfuscate the occurrence by personally escorting Ms. White from the police precinct to his own car." Original Complaint ¶ 17

- "…Plaintiff Mills had not committed any criminal offences or acted in manner that

was contrary to Maryland State law."  Original Complaint ¶ 25

- "Defendant Sewell… [was] not in possession of a warrant authorizing the arrest of Plaintiff Mills, acted without probable cause to support the arrest of Plaintiff Mills, and otherwise had no legal basis or excuse to seize the person of Plaintiff Mills." Original Complaint ¶ 36

- "… Defendant Sewell called into patrol officers at the precinct and issued a directive that Plaintiff Mills was to be detained in the [Pocomoke City Police station]." Original Complaint ¶ 18

- "… Defendant Sewell did not have a lawful reason to order Plaintiff Mills to be detained on the premises." Original Complaint ¶ 27

- "Defendant Sewell returned to the Pocomoke City Police Department while Plaintiff Mils was being detained in the holding cell. The paramedics, who had been dispatched to the facility as a result of Plaintiff Mills' call to the Worchester County Sherriff's Office, advised Defendant Sewell that Plaintiff Mills requested emergency treatment and indicated their intention to remove her for transport to a hospital. Defendant Sewell advised that Plaintiff Mills was in police custody and was not free to leave." Original Complaint ¶ 40

Consideration of these plead facts in favor of the Plaintiff supports reasonable inferences that Defendant Sewell misused his status as the Chief of Pocomoke City Police Department to detain Plaintiff Mills against her will in his office; after she had been assaulted; and when she was actively seeking medical assistance. Moreover, it is specifically averred that Defendant Sewell initiated the continuing detention without a valid warrant or any probable cause to support an arrest and with the express purpose of obfuscating Ms. White's criminal conduct.

The plead facts thus support a facially plausible claim for misconduct entitling relief under section 1983.

Plaintiff's factual averments are also sufficient to overcome Defendant Sewell's contention that he should be shielded by qualified immunity based on an evaluation of Plaintiff's Original Complaint.  "'Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken" *S.P. v. City of Takoma Park*, 134 F.3d 260, 266 (4th Cir. 1998) (quoting *Anderson v. Creighton*, 483 U.S. 635, 635, 107 S. Ct. 3034, 3036 (1987)). "To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *S.P. v. City of Takoma Park*, 134 F.3d at 266 (internal quotations and citations omitted). Qualified immunity does not shield actors who "knowingly violate the law." *Waterman v. Batton*, 393 F.3d 471, 476 (4th Cir. 2005) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). "Thus, government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, (1982)).

Defendant Sewell is not entitled to qualified immunity in this case because controlling precedent clearly establishes that citizens cannot be lawfully detained in the absence of a warrant or probable cause. *See Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151 (2001)(As a threshold matter, this court must determine whether "[t]aken in the light most favorable to the party asserting injury… the facts alleged show [that] the officer's conduct violated a constitutional

right.")) Moreover, an objective reasonable officer would have recognized that the detaining and/or ordering the continuing detention of Plaintiff Mills in the context of this case was violative of her rights.

Plaintiff Mills has also alleged sufficient facts within her Complaint to make the allegation that Defendant Sewell orchestrated, encouraged, and/or ratified the excessive force utilized by Defendants Barnes and Bailey. Defendant Sewell utilized his position as Chief of Pocomoke City Police Department to compel Plaintiff Mills to travel to Defendants office and participate in a mediation. (Plaintiff's Compliant ¶ 12-13) After observing Ms. White assault Plaintiff Mills, Defendant Sewell instructed Pocomoke Police Officers, including Bailey and/or Barnes to arrest and/or detain Plaintiff Mills. (Plaintiff's Compliant ¶ 15-18) Plaintiff Mills Complaint contains a factual averment that the course of action by Defendants Sewell, Barnes, and Baily was a concerted action that was designed to create a situation where the excessively vicious conduct toward the Plaintiff would be considered reasonable and/or attributed to someone other than the responsible police officers.

Finally. Plaintiff's Complaint contains adequate factual allegations to support a facially plausible claim that that Plaintiff Mills had suffered injuries necessitating medical treatment. Plaintiff Mills specifically averred that she had received multiple visible injuries to her head one of which was observed by Defendant Kelvin Sewell. (Plaintiff's Compliant ¶ 15, 29, and 32); was having difficulty breathing after being placed in choke hold (Plaintiff's Compliant ¶ 30-31); and had been body slammed into a wall. (Plaintiff's Compliant ¶ 32) By way of the Original Complaint, she further asserted that the paramedics who evaluated her in Pocomoke City detention cell intended to transport her to the emergency department. Inferentially, this decision would have followed a triage examination conducted by the responding paramedics and would

have been based upon some exhibited need.  The facts are therefore sufficient to support a *prima facie* showing of deliberate indifference to a serious medical need.

In sum, Plaintiff Mills has sufficiently alleged a violation of her well established constitutional rights and has made all factual assertions necessary to overcome Defendant Sewell's claim of qualified immunity. Plaintiff has made specific factual allegations regarding the Defendant's actions amounting to unlawful detention, excessive force, and unreasonable denial of medical treatment, illustrating that they rise to the level that no reasonable officer could believe was lawful.  *Ridpath v. Bd. of Governors of Marshall University* 447 F.3d 292, 306 (4th Cir. 2006).  These factual allegations satisfy Federal Rule of Civil Procedure 8(a)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief because they claim the Defendants engaged in conduct which any reasonable person would understand to constitute actual malice.  *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).

### B.  State Claims

Defendant Sewell also argues for the dismissal of Plaintiff's state law claims - battery, false arrest, and false imprisonment –based upon his assertions that she has not adequately plead *prima facie* claims and that he is shielded by qualified immunity. Plaintiff Mills incorporates her argument concerning her federal causes of action, *supra,* to address the sufficiency argument. She further maintains that Defendant Sewell is not immune from the causes of action advanced under Maryland state law.

In *Clea v. Baltimore*, 312 Md. 662, 680-685 (1988), the Maryland Court of Appeals explained that qualified immunity was inapplicable to constitutional claims such the claims advanced by Plaintiff against each of the Defendants under the Maryland Declaration of Rights. The appellate court explained:

There are sound reasons to distinguish actions to remedy constitutional violations from ordinary tort suits. The purpose of an ordinary tort suit is not specifically to protect individuals against government officials or to restrain government officials....

On the other hand, constitutional provisions like Article 24 or 26 of the Maryland Declaration of Rights... are specifically designed to protect citizens against certain types of unlawful acts by government officials. To accord immunity to the responsible government officials, and leave an individual remediless when his constitutional rights are violated, would be inconsistent with the constitutional provisions. It would also... largely render nugatory the cause of action for violation of constitutional rights....

312 Md. At 684-8.

The doctrine of qualified public immunity likewise has no bearing on the intentional tort claims that have been advanced by Plaintiff.  In *DiPino v. Davis*, 354 Md. 18, 49, 729 A.2d 354 (1999), Judge Wilner, writing on behalf of the Court of Appeals, explained that "a police officer, who might otherwise have the benefit of this immunity, does not enjoy it if the officer commits an intentional tort or acts with malice." 354 Md. at 49 (quoting *Cox v. Prince George's County*, 296 Md. 162, 460 A.2d 1038 (1983)); See also *Lovelace v. Anderson*, 366 Md. 690, 705, 785 A.2d 726 (2001) (".... the defense of public immunity generally applies only to negligent acts."); *Parker v. State*, 337 Md. 271, 285, 653 A.2d 436 (1995) (contrasting absolute judicial immunity and qualified public immunity and stating that the later constitutes a defense only to negligence actions); *Cox v. Prince George's County*, 296 Md. 162, 460 A.2d 1038 (1983) (police officer held not to have qualified immunity relative to claims of false arrest, intentional infliction of emotional distress and false imprisonment);  *James v. Prince George's County*, 288 Md. 315, 323-24, 148 A.2d 1173 (1980) ("once it is established that the individual is a public official and that the tort was committed while performing a duty which involves the exercise of discretion, a qualified immunity attaches... in the absence of malice...."); *Robinson v. Bd. of County Comm'rs*, 262 Md.

342, 278 A.2d 71 (1971) (public official unsuccessfully asserted qualified public immunity relative to charges of assault, battery and malicious prosecution)).

In the instant case, the Plaintiff's intentional tort claims are viable, because the Plaintiff has averred that the Defendant Sewell was acting on behalf of his girlfriend Ms. White and with the intended purpose of obfuscating Ms. White's misdeeds when he carried out the unlawful detention. *See Ford v. Baltimore City Sheriff's Office*, 149 Md. App. 38 (2002) (claim of qualified immunity trumped by showing of malice); *see also Arrington v. Moore*, 31 Md. App. 448, 464, 358 A.2d 909, 918, cert. denied, 278 Md. 729 (1976) For purposes of considering the pending motion, Plaintiff's allegations that the Defendants acted maliciously must be accepted by this Court as questions of malice require a determination of motive and intent and generally present an issue to be entertained by the finder of fact. *See Thacker v. City of Hyattsville*, 135 Md. App. 268, 300-301 (2000) (speaking to issue of summary judgment ruling based on absence of malice) The Maryland Court of Appeals has explained that, in situations such as the instant case, inferences arising from evidence presented by an arrestee challenging a claim of qualified immunity must be drawn in favor of the arrestee. See e.g. *Okwa v. Harper*, 360 Md. 161, 757 A.2d 118 (2000) (reviewing a decision regarding a Motion for Summary Judgment).

Defendant's assertion that public official immunity attaches to his actions is without foundation. Defendant's position is invalidated by the case law holding that public official immunity is operable in the context of state law claims only when an officer's conduct is made "in the absence of actual malice and without actual knowledge of wrongdoing." *Thomas v. City of Annapolis*, 113 Md. App. 440, 457 (1997); *see also Ashton v. Brown*, 339 Md. 70, 116 (1995). Because Plaintiff Mills has asserted that Defendant Sewell acted with actual malice, this issue cannot be decided against her at this time.

C. **Notice**

Finally, Defendant Sewell argues that Plaintiff's state law claims should be dismissed because she failed to provide notice of those claims in manner required by Maryland's Local Government Tort Claims Act ("LGTCA"). He argues that Plaintiff failed to identify the "time, place, and cause of the injury." Defendant Sewell's position is contradicted by the notice letter which is attached to Defendant Kelvin Sewell's Motion to Dismiss as Exhibit 1. The notice letter makes express reference to the proceeding styled *State of Maryland v. Anna Mills*, District Court of Maryland for Worchester County Case No. 1100096097 being the subject of the notice. The letter also expressly advertises "Anna Mills' intention to file an action for damages as a result of the actions of the Pocomoke City Police Department beginning on May 21, 2015 in Pocomoke City, Maryland and continuing to date." Because the police filings underpinning Case No. 1100096097 were readily available to all parties receiving the notice letter, it included sufficient information to allow for the initiation of investigation regarding the subject occurrence. See *Smith v. Danielczyk*, 400 Md. 98, 112 (Md. 2007), *citing Faulk v. Ewing*, 371 Md. 284, 298-99, (2002); *Rios v. Montgomery County*, 386 Md. 104, 126-27 (2005).

Even assuming, *arguendo*, that Plaintiff's notice letter is deemed to be substantively deficient, Defendant Sewell had failed to assert a valid argument for the dismissal of Plaintiff's state law claims. The Maryland General Assembly, in crafting the LGTCA, fashioned an "escape clause" whereby a Plaintiff who did not strictly comply with the notice requirement could maintain her state law claims if there was no resulting prejudice to a defendant. *See Williams v. Maynard*, 359 Md. 379, 389 754 A.2d 379, 387 (2000). The notice requirement contained in *Courts & Judicial Proceedings Article* § 5-304(b) is expressly qualified by *Courts & Judicial Proceedings Article* § 5-304(d) which reads as follows:

> Notwithstanding the other provisions of this section, <u>unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice</u>, upon motion and for good cause shown <u>the court may entertain the suit even though the required notice was not given</u>.

Accordingly, this Honorable Court has the discretion to allow Plaintiff Mills to proceed with the state law claims set forth in her Complaint.

Maryland's Court of Appeals has explained that the purpose of requiring notice within the LGTCA is:

> to protect the municipalities and counties of the State from meretricious claimants and exaggerated claims by providing a mechanism whereby the municipality or county would be apprised of its possible liability at a time when it could conduct its own investigation, *i.e.* while the evidence was still fresh and the recollection of the witnesses was undiminished by time, 'sufficient to ascertain the character and extent of the injury and its responsibility in connection with it.

*Williams v. Maynard*, 359 Md. 379, 89-90, 754 A.2d379, 385 (2000) (quoting *Jackson*, 233 Md. at 167, 195 A.2d at 695. "If the purpose of the statutes is fulfilled, the manner of the accomplishment has not generally been tested too technically. In such cases substantial compliance generally is held to be enough." *Grubbs v. Prince George's County*, 267 Md. 318, 321-22, 297 A.2d 754, 756 (1972) (quoting *Jackson v. Board of County Com'rs of Anne Arundel County*, 233 Md. 164, 168, 195 A.2d 693, 695 (1963)). In other words,

> [e]ven if a plaintiff does not strictly comply with the LGTCA notice requirement, a plaintiff substantially complies with the LGTCA notice requirement where: (1) the plaintiff makes "some effort to provide the requisite notice"; (2) the plaintiff does "in fact" give some kind of notice; (3) the notice "provides…requisite and timely notice of facts and circumstances giving rise to the claim"; and (4) the notice fulfills the LGTCA notice requirement's purpose, which is to apprise the local government of its possible liability at a time when the local government could conduct its own investigation, i.e., while the evidence was still fresh and the recollection of the witnesses was undiminished by time, sufficient

> to ascertain the character and extent of the injury and the local
> government's responsibility in connection with it.

*Ellis v. Housing Authority of Baltimore City*, 436 Md. 331, 342-43, 82 A.3d 161, 167 (2013)

(quoting *Faulk v. Ewing*, 371 Md. 284, 298-99, 808 A.2d 1262, 1272-73 (2002)) (citations and

internal quotation marks omitted).

Because Plaintiff Mills' issued some notice of her claim by certified mailing, the

questions to be decided at present are whether (1) there was good cause for any deficiencies in

her posted notice and (2) Defendant Sewell can affirmatively demonstrate that he was prejudiced

by the notice deficiencies. *See Prince George's County v. Longtin*, 419 Md. 450, 467, 19 A.3d

859, 869 (2011) ("[T]he burden is on the claimant first to show 'good cause.' Then if the local

government cannot 'affirmatively show that its defense has been prejudiced by lack of required

notice,' the court 'may' hear the case despite the faulty notice.") "A Plaintiff shows good cause

for his or her failure to comply with the LGTCA notice requirement where the plaintiff

'prosecute[s] his [or her] claim with th[e] degree of diligence that an ordinary prudent person

would have exercised under the same or similar circumstances." *Ellis*, 436 Md. at 348, 82 A.3d

at 171 (quoting Rios 386 Ms. 104, 141, 872 A.2d 1, 22 (2005)). The factors a court usually

considers are:

> [1] excusable neglect or mistake (generally determined in reference
> to a reasonably prudent person standard), [2] serious physical or
> mental injury and/or location out-of-state, [3] the inability to retain
> counsel in cases involving complex litigation, ... [4] ignorance of
> the statutory notice requirement, or (5) misleading representations
> made by representative of the local government.

*Longtin*, 419 Md. at 469, 19 A.3d at 869. In *Heron v. Strader*, 361 Md. 258, 272, 761 A.2d 56,

63-64 (2000), Maryland's Court of Appeals noted further:

> Several other jurisdictions have sought to define good cause for
> late filings under public tort claims acts. While courts generally

> consider a combination of factors, circumstances that have been found to constitute good cause fit into several broad categories: excusable neglect or mistake (generally determined in reference to a reasonably prudent person standard; serious physical or mental injury and/or location out-of-state; the inability to retain counsel in cases involving complex litigation; and ignorance of the statutory notice requirement.

*Heron v. Strader*, 361 Md. 258, 272, 761 A.2d 56, 63-64 (2000) (internal citations omitted)

In the instant case, Plaintiff Mills has exhibited the requisite degree of diligence necessary to maintain this action. Shortly after the subject arrest, Plaintiff Mills consulted with Attorney J. Harrison Phillips, III for criminal representation and discussed a potential civil action against the involved Pocomoke Police Officers. A notice letter was subsequently issued by Mr. Phillips, on the Plaintiff's behalf. Her reliance on this attorney was abundantly reasonable.

Given the substantial compliance referenced herein, the burden shifts to Defendant Sewell to demonstrate that he has been prejudiced by the claimed deficiencies in the notice letter. The dispositive motion which is now pending before this Court, however, is devoid of any legitimate explanation as to how Defendant Sewell may have been disadvantaged. Defendant Sewell merely states that the incident occurred over three years ago so recollection of witness will not be fresh. There is no claim that any critical witnesses, documents or evidentiary material have been rendered unavailable to the Defendant Sewell. There is also no claim that Defendant Sewell's ability to mount existing defenses will be impeded at trial.

As noted in Plaintiff's Original Complaint, she lodged a complaint that prompted Lieutenant Craven of the Pocomoke City Police Department to conduct an internal affairs investigation of the subject occurrence. (Plaintiff's Complaint ¶¶ 5, 45). This investigation would presumably have allowed Defendant Sewell access to any information that he might need for

purposes of his defense in this case.  Simply stated, any deficiencies in the notice letter will be of

no consequence to Defendant Sewell.

By comparison, the Plaintiff will be irreparably harmed should she be foreclosed from

pursuing the underlying actions. The interest of justice is in no way furthered by the dismissal of

this action predicated on a hyper technicality.  Plaintiff accordingly requests that this Honorable

Court deny Defendant's dispositive motion.

In light of the foregoing circumstances, Plaintiff requests that this Honorable Court allow

her to proceed with instant action, because (1) she has substantially complied with the LGTCA's

notice provisions; (2) this Court has discretion to allow for a waiver of the LGTCA's notice

provision; and (3) no prejudice has been caused to Defendant Sewell.


Respectfully submitted,


_____- s_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 700
Baltimore, Maryland 21201
aiamele@iamelelaw.com
Telephone: 410-779-6160
Facsimile: 410-779-6161
*Counsel for Plaintiff*

## HEARING REQUEST
Plaintiff request that a hearing be held concerning Defendant's Motion to Dismiss and the
instant Opposition to the same.


_____- s-_____
Anton L. Iamele

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this **14th** day of **August, 2018**, a copy of the foregoing was

transmitted by way of this Court's electronic filing system and sent by first-class, postage prepaid

mail, to the following:


Lloyd Liu
Barry Coburn
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, N.W.
2nd Floor
Washington, DC 20036

Matthew D. Peter
7225 Parkway Drive
Hanover, MD 21076


_____- s-_____

Anton L. Iamele