IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **ANNA MILLS** | * |
| *Plaintiff* | * |
| v. | * |
| **KELVIN SEWELL, ET AL.** | * |
| Pocomoke City Police Department | |
| 815 Amory Court | * |
| Severn, MD 21144 | |
| | * |
| **DET. JOSEPH T. BAILEY (0116)** | * |
| Pocomoke City Police Department | |
| 1500 Market Street | * |
| Pocomoke City, Maryland 21851 | |
| | * |
| **PTL. TANYA BARNES (0134)** | * |
| Pocomoke City Police Department | |
| 1500 Market Street | * |
| Pocomoke City, Maryland 21851 | |
| | * |
| *Defendants* | * Case No.  1:18-cv-01446-JKB |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
~~FOR MONETARY DAMAGES FOR VIOLATION OF~~
~~PLAINTIFF'S CIVIL RIGHTS~~

NOW COMES Plaintiff, Anna Mills, by and through her undersigned counsel, Anton L.

Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendant, Former Pocomoke City Police

Chief of Police Kelvin Sewell, Pocomoke City Police Department Detective Joseph T. Bailey

(Identification Number 0116), and Pocomoke City Police Department Officer Tanya Barnes

(Identification Number 0134). Plaintiff fully incorporates her Original Complaint herein and

states further:, ~~and as reasons states as follows:~~

**Introduction**

1

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against former Pocomoke City Police Chief Kelvin Sewell, Pocomoke City Police Department Patrol Officer Tanya Barnes, and Pocomoke City Police Department Detective Joseph T. Bailey. All three of the named defendants to this action are sued in their individual and official capacities.

2. It is alleged herein that Defendants Sewell, Bailey and Barnes made an unreasonable seizure of the person of Plaintiff Mills on May 21, 2015, thereby violating her rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights Articles 24 and 26. It is further alleged that Defendants Sewell, Barnes and Bailey employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 1367(a).

4. Venue is proper under 28 U.S.C. § 1391 as the causes of action set forth in this Complaint concern events that occurred in Pocomoke City, Maryland.

5. On or about August 4, 2015 notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the City Council of Pocomoke City. This notice letter was received by the City Council of Pocomoke City on or about August 6, 2015. Lieutenant Craven of the Pocomoke City Police Department acknowledged receipt of Plaintiff's notice of claims during the course of during his Internal Affairs Investigation.

2

**Parties**

6.   Plaintiff Anna Mills is a citizen of the State of Maryland residing at 500 Young Street, Pocomoke City, Maryland, 21851.

7.   At all times relevant to the instant complaint, Defendant Kelvin Sewell (hereinafter "Sewell" or "Defendant Sewell") was employed as the Chief of the Pocomoke City Police Department, and was acting as an authorized agent, servant, and/or employee of the Pocomoke City Police Department, 1500 Market Street, Pocomoke City, Maryland 21851. At all times relevant to this Complaint, Defendant Sewell was acting within the scope and course of his employment as a member of the Pocomoke City Police Department and under the color of state law. He is sued in this case both independently and in his official capacity.

8.   At all times relevant to the instant complaint, Defendant Patrol Office Tanya Barnes (0134) (hereinafter "Barnes" or "Defendant Barnes") was acting as an authorized agent, servant, and/or employee of the Pocomoke City Police Department, 1500 Market Street, Pocomoke City, Maryland 21851. At all times relevant to this Complaint, Defendant Barnes was acting within the scope and course of her employment as a member of the Pocomoke City Police Department and under the color of state law. She is sued in this case both independently and in her official capacity.

9.   At all times relevant to the instant complaint, Defendant Detective Joseph T. Bailey (0116) (hereinafter "Bailey" or "Defendant Bailey") was acting as an authorized agent, servant, and/or employee of the Pocomoke City Police Department, 1500 Market Street, Pocomoke City, Maryland 21851. At all times relevant to this Complaint, Defendant Bailey was acting within the scope and course of his employment as a member of the Pocomoke City Police Department and

3

under the color of state law. He is sued in this case both independently and in his official

capacity.

9. 10.      At all times relevant to this Amended Complaint Defendants Sewell, Barnes and

Bailey acted in concert and conspiracy and were jointly and severally responsible for the harm

caused to the plaintiff.

**Facts**

11. At all times relevant to this Amended Complaint, Defendant Sewell was functioning as

the Chief of Police at the Pocomoke City Police Department. In his capacity as the highest-

ranking member of the Pocomoke City Police Department, Defendant Sewell was responsible

for, among other things, the promulgation of policies and directives controlling the conduct

Pocomoke City police offices; responsible for the supervision of all rank-and-file members of the

police department; and empowered to issue orders to subordinate members of the police

department.

10. 12.      On or about May 21, 2015, Plaintiff Mills was called and asked to report to the

Pocomoke Police Station by then Pocomoke City Police Chief Kelvin Defendant Sewell. The

purpose of the requested appearance was originally unknown to Plaintiff Mills. She nevertheless

acquiesced to the request and traveled to the police station.

11. 13.      Upon arrival to the Pocomoke City Police Department, Plaintiff Mills was

directed by Defendant Sewell into the office of former Pocomoke City Police Lieutenant Lynell

Green. She was advised that she had been summoned to the police station for a "mediation" with

a woman named Yolanda White. At the time, Ms. White's daughter was dating Plaintiff Mills'

son, and apparently there was some disagreement as to whether the relationship should continue.

Defendant Sewell was intervening in the matter on behalf of Ms. White with whom he was engaged in a romantic relationship.

12.14.    While in Lieutenant Green's office, Defendant Sewell advised Plaintiff Mills that she wanted her to have a discussion with Ms. White. Plaintiff Mills advised Sewell that she did not wish to engage in such discussions and had no interest in participating in the purported "mediation."

13.15.    Plaintiff Mills clearly articulated to Defendant Sewell her desire to immediately leave the premises of the Pocomoke County Police Department. Defendant Sewell nevertheless exercised the exerted his authority as the attendant his position as the Chief of the Pocomoke City Police department, however, and verbally ordered and compelled PPlaintiff Mills to travel with him to his own office. Plaintiff Mills to his own office where Ms. White was already present was then ordered to sit in a chair immediately next to Ms. White.

16. Plaintiff Mills, who reasonably perceived that she was not free to leave the Pocomoke City Police Department station, was effectively detained and arrested by Defendant Sewell when she was compelled to travel to and remain against her will in Defendant Sewell's office.

17. Defendant Sewell effected this initial detention and arrest of Plaintiff Mills without a valid warrant. Defendant Sewell was also without probable cause to carry out a warrantless arrest as Plaintiff Mills had not committed any crime, nor had she acted in a manner that might reasonably have been perceived as criminal conduct. Defendant Sewell's detention of Plaintiff Mills was undertaken without legal justification or lawful authority.  A meeting was commenced wherein Plaintiff Mills was directed to sit in a chair immediately next to Ms. White, and Defendant Sewell was sitting behind his own desk.

5

14.18.      Defendant Sewell had attended a police academy before ascending to the rank of Chief of the Pocomoke City Police Department. He had also participated in "in service" training addressing his authority to detain and issue directives to members of the general public. By virtue of that training, Defendant Sewell had an understanding about his authority to effect arrests and detentions, as well as, the constitutional limitations pertaining to his authority to effect arrests and detentions. Defendant Sewell knew, or reasonably should have known, that he was abusing his authority and violating Plaintiff Mills' rights when he forced her to remain in the police building against her will.

15.19.      During the ensuing meetingWhile Plaintiff Mills' was being held in Defendant Sewell's Office, Ms. White stood up and struck Plaintiff Mills in the left side of the face.

16.20.      Defendant Sewell made no effort to stop the assault and took no action against Ms. White.

17.21.      Plaintiff Mills advised Defendant Sewell that she wished to press charges against Ms. White for the assault that had been witnessed by Defendant Sewell. Defendant Sewell did not, however, undertake any efforts to effect an arrest of Ms. White or initiate charges. Instead, he acted to obfuscate the occurrence by personally escorting Ms. White from the police precinct to his own car. He later drove Ms. White back to her own residence.

22. Once outside of the police precinct, Defendant Sewell called into patrol officers at the precinct and issued an order and/or directive that Plaintiff Mills was to be detained at the Pocomoke City Police Department station house.in the facility.  Defendant Sewell issued this command in the absence of a warrant and without having witnessed Plaintiff Mills undertake any criminal conduct or attempt to undertake any criminal conduct.

6

23. Defendant Sewell's communication was received as a direct command by members of the Pocomoke City Police Department including Defendants Bailey and Barnes. Accordingly, Defendant Sewell orchestrated, encouraged, and/or ratified an ensuing encounter between Plaintiff Mills and Defendants Bailey and Barnes.

18.

19. Defendant Sewell orchestrated, encouraged, and/or ratified an ensuing encounter between Plaintiff Mills and Defendants Bailey and Barnes.

24. Defendants Bailey and Barnes subsequently acted pursuant to the command and engaged Plaintiff Mills, and also acted collectively and independently to further an unlawful detention of Plaintiff Mills.

25. Defendant Bailey entered Defendant Sewell's office, stood in front of the doorway and asked prevented Plaintiff Mills from exiting the why she was present at the police station. Plaintiff Mills advised that she was there for a "mediation" an asked d requested Defendant Bailey to move from the doorway as she was not under arrest, so that she would have the ability to leave the and wanted to leave the police station.

20.

21.     Plaintiff Mills advised that she was there for a "mediation" and requested Defendant Bailey to move from the doorway as she was not under arrest and wanted to leave the police station.

22. Defendant Bailey initially moved from the doorway and was seemingly prepared to allow Plaintiff Mills to leave the office.

23. 26.     As Plaintiff Mills was subsequently crossing from Sewell's office into the adjoining hallway, she observed Defendants Bailey and Barnes furthered the ongoing arrest

7

and/or detention~~approaching her. Defendant Barnes asked Plaintiff Mills what the commotion was about.~~ Plaintiff Mills advised Defendant Bailey and Barnes that she ~~indicated that he had just been struck by Ms. White and~~ intended to the leave the premises so that she could report to a commissioner and complete an application for statement of charges in connection with the assault perpetrated by Ms. White.

    27.    Defendants Bailey and Barnes ~~did not permit to~~ physically prevented Plaintiff Mills ~~to continue her~~from exiting the Pocomoke City Police Department station, by ~~exit and acted~~ to pushing her into ~~Plaintiff Mills back into~~ Defendant Sewell's office. Defendant Bailey and Barnes' use of force was undertaken for the purpose of continuing the ongoing unlawful arrest and detention of Plaintiff Mills.

Formatted: Indent: First line: 0.5"

    28.    Defendants Bailey and Barnes undertook the above described actions knowing that they were contrary to police training and violative of Plaintiff Mills' constitutional rights.

    29.    Defendants Bailey and Barnes did not have a warrant allowing for the arrest of Plaintiff Mills; had never witnessed Plaintiff Mills commit a criminal act or attempt to commit a criminal act; and had no reasonable basis to conclude that she might be a threat to Defendants Bailey and/or Barnes, any third person in her immediate vicinity, or to herself.

    30.    Defendant Bailey and Barnes' physical efforts caused Plaintiff Mills to lose her balance. As Plaintiff Mills was falling back she attempted to grab something to prevent herself from falling and inadvertently grabbed Defendant Barnes' shirt.

    31.    Following the initial physical encounter described above, Defendant Bailey and/or Barnes pushed Plaintiff Mills ~~with both hands and then~~also struck Plaintiff ~~Mills~~Mills about the head and neck. ~~in the head.~~ At the time of this escalation of force, Plaintiff Mills was neither

Formatted: Indent: Left: 0", First line: 0.5"

actively nor passively resisting the efforts of Defendants Bailey and Barnes. She had not otherwise acted in any fashion that would have warranted the application of enhanced force.

32.     Defendant Bailey immediately intervened in the detention and assault on Plaintiff Mills. Defendant Bailey also tackled Plaintiff Mills causing her to fall to the floor whereupon he physically maneuvered her onto her stomach. Defendant Bailey positioned himself himself on Plaintiff Mills' back, placed her in a choke hold, and forcefully pulled Plaintiff's arms behind her back and placed her in handcuffs.

33.     When Plaintiff Mills advised Defendant Bailey that she was having difficulty breathing, Defendant Bailey removed himself from her back.

34.     Defendant Barnes then straddled Plaintiff Mills while Plaintiff Mills was on the floor. Plaintiff Mills was getting up from the floor while handcuffed when Defendant Bailey and/or Barnes slammed Plaintiff Mills into the wall of Chief Sewell's office. Plaintiff struck the right side of her head, right shoulder, and right neck on the wall.

35.     The blow caused an open wound and Plaintiff Mills was visibly bleeding following the assault.

Defendant Barnes then straddled Plaintiff Mills while Plaintiff Mills was on the floor. Plaintiff Mills was getting up from the floor while handcuffed when Defendant Barnes slammed Plaintiff Mills into the wall of Chief Sewell's office. Plaintiff struck the right side of her head, right shoulder, and right neck on the wall. Plaintiff felt lightheaded and was bleeding following this encounter.

24. 36.  Neither Defendant Bailey nor Defendant Barnes undertook any effort to stop or dissuade the other for continuing the assault on Plaintiff Mills.

**Formatted:** Indent: First line:  0.5"

**Formatted:** Indent: First line:  0.5"

**Formatted:** Indent: Left:  0", First line:  0.5"

25.    At the time of this initial physical encounter, Plaintiff Mills had not committed any criminal offenses or acted in a manner that was contrary to Maryland State law.

37.    At the time of the events described herein, Plaintiff Mills had not committed any criminal offenses or acted in a manner that was contrary to Maryland State law. At no time during the events described above, was Plaintiff Mills a threat to her own safety, the safety of any personnel present at the Pocomoke City Police precinct, or the safety of any other person.

26. At no time during the events described above, was Plaintiff Mills a threat to her own safety, the safety of any personnel present at the Pocomoke City Police precinct, or the safety of any other person.

**[Formatted: Indent: First line: 0.5"]**

38.    Defendant Sewell, Bailey and Barnes acted without probable cause to support an arrest and without a lawful or valid purpose to direct the use of force at Plaintiff Mills. on did not have a lawful reason to order Plaintiff Mills to be detained on the premises. Defendant Bailey and Barnes had not observed the meeting in the office, been present to observe any conduct that might have been construed as criminal, and were not in possession of a warrant authorizing the arrest of Plaintiff Mills.

**[Formatted: Indent: First line: 0.5"]**

39.    Plaintiff Mills had not did not commit anycommitted any criminal offenses or acted in a manner that was contrary to Maryland State law before or during the encounter with the Defendants Sewell, Barnes and Bailey.

40.    Plaintiff Mills did not physically resist or otherwise assault Defendants Sewell, Bailey and/or Barnes in any way, and the force directed against Plaintiff Mills was unnecessary, unreasonable, and excessive.

41.    As a direct proximate result of the above described events, Plaintiff Mills suffered serious and permanent physical injuries.

**[Formatted: Indent: Left: 0", First line: 0.5"]**

~~Plaintiff Mills did not physically resist or otherwise assault Defendants Barnes and/or Bailey in any way, and the force directed against Plaintiff Mills was unnecessary, unreasonable, and excessive.~~

~~As a direct proximate result of the above described events, Plaintiff Mills suffered serious and permanent physical injuries.~~

~~27.~~

~~28.~~ ~~The effort to detain Plaintiff Mills was undertaken without probable cause to support an arrest of Plaintiff Mills, and the defendants identified herein had no legal basis or excuse to seize the person of Plaintiff Mills.~~

~~29.~~ ~~Following the initial physical encounter described above, Defendant Barnes pushed Plaintiff Mills with both hands and then struck Plaintiff Mills in the head.~~

~~30.~~ ~~Defendant Bailey immediately intervened in the detention and assault on Plaintiff Mills. Defendant Bailey tackled Plaintiff Mills causing her to fall to the floor whereupon he physically maneuvered her onto her stomach. Defendant Bailey positioned himself on Plaintiff Mills' back, placed her in a choke hold, and forcefully pulled Plaintiff's arms behind her back and placed her in handcuffs.~~

**Formatted:** Indent: Left:  0", First line:  0.25"

**Formatted:** Normal,  No bullets or numbering

31. When Plaintiff Mills advised Defendant Bailey that she was having difficulty breathing, Defendant Bailey removed himself from her back.

32. Defendant Barnes then straddled Plaintiff Mills while Plaintiff Mills was on the floor. Plaintiff Mills was getting up from the floor while handcuffed when Defendant Barnes slammed Plaintiff Mills into the wall of Chief Sewell's office. Plaintiff struck the right side of her head, right shoulder, and right neck on the wall. Plaintiff felt lightheaded and was bleeding following this encounter.

33. Defendant Barnes pushed Plaintiff Mills through the hallway until reaching the jail cell area in the Pocomoke Police station. Plaintiff Mills was locked in a cell and her handcuffs were removed.

34. As a direct proximate result of the above described events, Plaintiff Mills suffered serious and permanent physical injuries.

35. Plaintiff Mills did not commit any criminal offenses or act in a manner that was contrary to Maryland State law before or during the encounter with the Defendants Barnes and Bailey.

36. At no time during the events described above, was Plaintiff Mills a threat to her own safety, the safety of Pocomoke City

12

~~Police Officers at the scene, or the safety of any other person present in Pocomoke City Police Department.~~

~~37. Defendants Sewell, Barnes and Bailey were not in possession of a warrant authorizing the arrest of Plaintiff Mills, acted without probable cause to support the arrest of Plaintiff Mills, and otherwise had no legal basis or excuse to seize the person of Plaintiff Mills.~~

~~38. Plaintiff Mills did not physically resist or otherwise assault Defendants Barnes and/or Bailey in any way, and the force directed against Plaintiff Mills was unnecessary, unreasonable, and excessive.~~

42.     Defendants Bailey and/or Barnes nevertheless placed Plaintiff Mills under arrest and transported her to the lockup area of Pocomoke City Police Department.

43.     While Plaintiff Mills was being held in the lockup area of the Pocomoke City Police Department, Defendant Sewell returned to the facility. Upon information and belief, Defendant Sewell was notified about what had transpired and had actual or constructive knowledge that the Defendants Bailey and/or Barnes had acted pursuant to his directive and detained and arrested Plaintiff Mills without legal justification.

44.     Once Defendant Sewell had returned to the Pocomoke City Police Department facility he had a ready ability to remedy the ongoing unlawful arrest and detention of Plaintiff Mills. Defendant Sewell failed, however, to exercise his supervisory authority or undertake any effort to abate the unlawful arrest and detention. He otherwise furthered, encouraged and/or acquiesced to the ongoing arrest and detention of Plaintiff Mills.

13

45.     Even after being handcuffed and placed in a cell, Plaintiff Mills , who was permitted to maintain a cellular phone on her person. She used that cellular phone to , ecalled the Worcester County Sheriff's Department and reported that she had been assaulted by Defendants Sewell, Bailey and Barnes at the the defendants at the Pocomoke City Police Department precinct building.

46.     The Worcester County Sheriff's Department dispatched paramedics to the Pocomoke City Police Department.

47.     Plaintiff Mills indicated to the responding paramedics that she wished to be transported to a hospital for medical treatment. Plaintiff Mills was bleeding from a head wound and exhibiting difficulty breathing at the time. Upon triage, the responding paramedics believed Plaintiff Mills' injuries to be serious enough to warrant immediate removal from the Pocomoke City Police Department and transport to an emergency department.

39.     Plaintiff Mills requested to be transported to the emergency room for medical treatment. .

48.     Defendant Sewell returned to the Pocomoke City Police Department precinct while Plaintiff Mills was being detained in the holding cell. TThe responding paramedics . who had been dispatched to the facility as a result of Plaintiff Mills' call to the Worcester County Sheriff's Office, advised Defendants Sewell, Bailey and/or Barnes that Plaintiff Mills requested emergency medical treatment and indicated their intentionPlaintiff Mills was in need of further medical treatment and that they intended to transport Plaintiff Mills to an emergency room. to remove her for transport to a hospital.

40.49.  Defendant Sewell refused to allow Sewell advised that Plaintiff Mills was in police custody and was not free to leave the Pocomoke City Police Department.

14

41.    The responding paramedics advised that because Plaintiff Mills was in police custody, Pocomoke Police would have to transport Plaintiff Mills to the emergency room.

**Formatted:** Normal,  No bullets or numbering

42.50.  Plaintiff Anna Mills was not taken to the emergency room for medical treatment; rather, she was transported by Defendant Sewell, Bailey and/or Barnes directly to the Commissioner's Office.

**Formatted:** Indent: Left:  0", First line:  0.5"

43.51.  Plaintiff Mills was subsequently processed and charged with Second Degree Assault, Failure to Obey a Reasonable and Lawful Order, and Resisting/Interfering with an arrest.

44.52.  The criminal case styled *State of Maryland v. Anna Mills*, District Court of Maryland for Worcester County Case No.: 1I00096097, was initiated the same day.

45.53.  Shortly after the above described incident, arrest and charging, Plaintiff Mills attempted to initiate an Internal Affairs complaint against the named defendants with the Pocomoke City Police Department.

46.54.  On June 30, 2015, Plaintiff Mills appeared in the District Court of Maryland for Worcester County. The matter of *State v. Mills*, Case No.: 1I00096097 was dismissed as unfounded.

47.55.  In addition to the physical injuries described herein, Plaintiff Mills suffered the following injuries and damages as a direct proximate result of actions by Defendants Sewell, Barnes and Bailey:

a.  Violation of her well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of her person;

15

    b.  Violation of her constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 ~~; including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against her person~~;

    c.  Loss of her physical liberty;

    d.  Physical pain and suffering;

    e.  Emotional trauma and suffering, embarrassment, and mental anguish;

    f.  Lost wages and loss of future earning potential; and

    g.  And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate her injuries.

~~48.~~56.  The actions of ~~actions by~~ Defendants Sewell, Barnes and Bailey violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Mills:

    h.  Freedom from the unreasonable seizure of her person; and

    i.  Freedom from the use of excessive, unreasonable, and unjustified force against her person.

~~49.~~57.  Defendants Sewell, Barnes and Bailey conspired on the scene and agreed to detain and batter the Plaintiff.

~~50.~~58.  Defendants Sewell, Barnes and Bailey further conspired to obfuscate their errant and unconstitutional behavior.

~~51.~~59.  The ongoing course of action by Defendants Sewell, Barnes and Bailey was a concerted action that was designed to create a situation where the excessively vicious conduct

toward the Plaintiff Mills would be considered reasonable and/or attributed to someone other than the responsible police officers.

~~52.~~60.  Plaintiff has suffered significant injures and damages ~~as a result of~~because of the Defendants' conspiracy.

**<u>Causes of Action</u>**

**<u>COUNT I – VIOLATION OF 42 U.S.C. 1983 –</u>**
**<u>FOURTH AND FOURTEENTH AMENDMENTS</u>**
**(Plaintiff Anna Mills v. Defendants Kelvin Sewell, Tanya Barnes, and Joseph Bailey)**

~~53.~~61.  Plaintiff Mills hereby incorporates Paragraphs 1 through ~~5~~60 and 70 through 88~~2~~ as if fully restated herein.

62.     At all times relevant to this Complaint, Plaintiff Mills had rights afforded to her by the Fourth and Fourteenth Amendments to the United States Constitution not to have her person ~~or property~~ unlawfully ~~searched,~~ seized, ~~, or~~ detained and/or arrested; ~~in an unreasonable manner~~; not to be deprived of her liberty without due process of the law; and not to be subjected to unlawful and excessive force during the course of an arrest; ~~not to be unreasonably denied necessary medical treatment; and not to be summarily punished~~.

63.     Defendants Sewell, Bailey and Barnes, acting jointly and in concert and in conspiracy, through actions and inactions, violated Plaintiff Mills' constitutionally protected rights during the above described incident because, among other things, they acted without legal cause or justification to stop, detain, arrest and criminally charge her; they used excessive force during the course of the arrest and detention; they utilized their police powers, including the right to effect an arrest and use force, for the improper purpose of obfuscating the assault that had been perpetrated on Plaintiff Mills by Ms. White, as well as, their own unconstitutional behavior; they used their status as police officers to employ the use of force and to achieve ends not

[Formatted: Indent: Left: 0", First line: 0.5"]

reasonably related to their police duties; and they failed to follow proper and lawful policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under the circumstances presented by this case.

      64.    Alternatively, Defendant Bailey and Barnes' conduct was directly and proximately caused by the actions and/or inactions of Defendant Sewell, as the acting Chief and decision maker of the Pocomoke City Police Department, by encouraging their conduct; tolerating their conduct; ratifying their conduct; and/or exhibiting deliberate indifference to the need for more or different training, supervision, investigation and/or discipline in the areas of:

    a.   Legal cause to stop, detain, arrest and criminally charge a citizen;

    b.   The use of force by police officers; and the bringing of criminal charges;

    c.   The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    d.   Police officers' use of their status as police officers to employ the use of force or achieve ends not reasonably related to their police duties;

    e.   The establishment of policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

    f.   The failure to properly sanction of discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Pocomoke City Police Department officers; and

    g.   The practice among Pocomoke police officers of instituting false charges against individuals whom the officers have subjected to unlawful detention and/or

excessive force with the intention of precluding such individuals from instituting civil claims.

54.

55.65.  -At all times relevant herein, Defendants Sewell, Barnes and Bailey were acting under the color of State and local law and as a members of the Pocomoke City Police Department. Their conduct therefore triggers 42 U.S.C. §1983.

56.66.  Defendants Sewell, Barnes and Bailey's actions and omissions deprived Plaintiff Mills of her clearly established and well-settled constitutional rights.

67.    Defendants Sewell, Barnes and Bailey knowingly and maliciously acted to deprived the Plaintiff Mills of of her constitutional rights maliciously and acted with reckless disregard for the same,.

57.68.  As a direct and proximate result of the assault perpetrated Defendants Sewell, Barnes and Bailey, Plaintiff Mills sustained significant injuries, medical bills, and psychological damages.

58.69.  Plaintiff Mills claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Sewell, Barnes and Bailey for violation of her constitutional rights under color of law.

**COUNT II – BATTERY**
**(Plaintiff Anna Mills v. Defendants Kelvin Sewell, Tanya Barnes, and Joseph Bailey)**

59.70.  Plaintiff Mills hereby incorporates Paragraphs 1 through 6058 as if fully restated herein.

60.71.  Defendants Sewell, Barnes and Bailey, acting jointly and in concert and in conspiracy, engaged in intentional acts of unlawful conduct with Plaintiff Mills such that the Plaintiff sustained serious and permanent injuries.

61.72.  Defendants Sewell, Barnes and Bailey directed unreasonable, unlawful, and excessive force against Plaintiff Mills.

62.73.  Plaintiff Mills in no way consented to the described contact by Defendants Bailey, Barnes, and Sewell; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendants Bailey, Barnes, and Sewell to act as they did; and did nothing to contribute to the unlawful touching that Defendants Bailey, Barnes, and Sewell inflicted upon her.

63.74.  The conduct of Defendants Sewell, Barnes and Bailey was undertaken without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon Plaintiff Mills.

64.75.  As a direct and proximate result of the assault perpetrated Defendants Sewell, Barnes and Bailey, Plaintiff Mills sustained significant injuries, medical bills, and psychological damages.

**COUNT III-FALSE ARREST**
**(Plaintiff Anna Mills v. Defendants Kelvin Sewell, Tanya Barnes, and Joseph Bailey)**

65.76.  Plaintiff Mills hereby incorporates Paragraphs 1 through 58 60 as if fully restated herein.

**Formatted:** Indent: Left:  0", First line:  0.5"

66.77.  Defendants Sewell, Barnes and Bailey did not have lawful authority or legal justification to compel Plaintiff Mills to remain at the Pocomoke City Police Department precinct house. Because the initial detention was unlawful, and for reasons that are independent from this ongoing course of conduct, Defendants Sewell, Barnes and Bailey did not have any rational reason to believe that Plaintiff Mills had engaged in any crime, resisted arrest, or committed an assault and were therefore without lawful authority or adequate probable cause to detain/arrest the Plaintiff.

67.78.  Plaintiff Mills was nevertheless detained as described herein.

68.79.  The false arrest perpetrated by Defendants Sewell, Barnes and Bailey, acting jointly and in concert and in conspiracy, was made without warrant and without probable cause to support a lawful arrest.

69.80.  The conduct attributed to Defendants Sewell, Barnes and Bailey demonstrated ill will, improper motivation, and actual malice on the part of the Defendant.

70.81.  As a direct consequence in result of the acts of Defendants Sewell, Barnes and Bailey described herein, the Plaintiff was deprived of her liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

71.82.  The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## COUNT IV-FALSE IMPRISONMENT
**(Plaintiff Anna Mills v. Defendants Kelvin Sewell, Tanya Barnes, and Joseph Bailey)**

72.83.  Plaintiff Mills hereby incorporates Paragraphs 1 through 58 60 as if fully restated herein.

73.84.  Defendants Sewell, Barnes and Bailey, acting jointly and in concert and in conspiracy, falsely imprisoned the Plaintiff throughout the course of events described herein.

74.85.  The actions of Defendants Sewell, Barnes and Bailey caused Plaintiff Mills to be unlawfully deprived of her liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

75.86.  As a result of the unlawful conduct described herein, Plaintiff Mills was detained against her will and sustained significant injuries and damages described herein.

21

76.87.  The actions of Defendants Sewell, Barnes and Bailey demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

77.88.  As a direct consequence in result of the acts of Defendants Bailey, Barnes, and Sewell described herein, the Plaintiff was deprived of her liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.  The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

**COUNT V – VIOLATION OF**
**MARYLAND STATE DECLARATION OF RIGHTS**
**(Plaintiff Anna Mills v. Defendants Kelvin Sewell, Tanya Barnes, and Joseph Bailey)**

78.89.  Plaintiff Anna Mills hereby incorporates Paragraphs 1 through 8877 as if fully restated herein.

79.90.  As a direct and proximate result of the actions and omissions of Defendants Sewell, Barnes and Bailey, acting jointly and in concert and in conspiracy, as described herein, all of which were committed under the color of their authority as members of the Pocomoke Police Department and while acting in the capacity of duly authorized police officer, Plaintiff Mills was deprived of rights and immunities secured to her under the Maryland Declaration of Rights Article 24 and Article 26.  in particular, her right not to be subjected excessive force during the course of an ongoing arrest.

91.     As a Defendants Sewell, Barnes and Bailey's actions and omissions deprived Plaintiff Mills of her clearly established Maryland State constitutional rights.

92.     Defendants Sewell, Barnes and Bailey knowingly and maliciously deprived Plaintiff Mills of her rights afforded by the Maryland Declaration of Rights and acted with reckless disregard for the same.

22

93.     At all times relevant hereto, Defendants Sewell, Barnes and Bailey were acting under the color of their authority as members of the Pocomoke City Police Department and while acting in the capacity of duly authorized police officer.

94.     As a direct and proximate result of the actions of Defendants Sewell and Bailey, Plaintiff Mills was deprived of rights afforded to her as a citizen of the State of Maryland; ~~direct consequence and result of the actions and omissions of Defendants Sewell, Barnes and Bailey described herein, Plaintiff Mills was deprived of her liberty;~~ was caused to suffer physical injuries; ~~lost time from her employment;~~ and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants.

95.     Plaintiff Mills claims damages for the violation of her rights under the Maryland Declaration of Rights.

~~80.~~

**Formatted:** Indent: Left:  0.5", No bullets or

### Demand for Damages

WHEREFORE, Plaintiff Anna Mills hereby requests that this Honorable Court:

(A)     Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendants Kelvin Sewell, Tanya Barnes, and Joseph Bailey, jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendants Kelvin Sewell, Tanya Barnes, and Joseph Bailey, jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

_____- s-_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Anna Mills*

## **PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____- s-_____
_____
Anton L. Iamele

_____

Anton L. Iamele

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this **21**st day of **August, 2018**, a copy of the foregoing First Amended Complaint was transmitted by way of this Court's electronic filing system and sent by first-class, postage prepaid mail, to the following:

Mr. Lloyd Liu, Esq.
Mr. Barry Coburn, Esq.
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, N.W.
2nd Floor
Washington, DC 20036

Mr. Matthew D. Peter, Esq.
7225 Parkway Drive
Hanover, MD 21076

- s-
Anton L. Iamele

**Formatted:** Superscript

25